MILLER *v.* ROSS, BRADLEY & CO.

1. SALE—PAYMENT—QUESTION FOR JURY.

Whether a note given upon a sale of chattels was taken as pay-
ment, and with the intention of passing title, is, on conflicting
evidence, a question for the jury.

2. SAME—ESTOPPEL.

One who, having contracted for the sale of personal property,
stands by and permits his vendee to sell the same to an inno-
cent purchaser, is estopped to assert, as against the latter, that
title had not passed under the contract, or that he is entitled
to a lien for the purchase price.

Error to Bay; Maxwell, J. Submitted November 6,
1895. Decided December 24, 1895.

Replevin by Albert Miller and another against Ross,
Bradley & Company, a corporation. From a judgment
for plaintiffs on verdict directed by the court, defendant
brings error. Reversed.

*Simonson, Gillett & Courtright,* for appellant.

*McDonell & Hall,* for appellees.

MONTGOMERY, J. Plaintiffs are engaged in the business
of manufacturing and selling lumber and lath, and de-
fendant is a dealer. In 1890 plaintiffs made a verbal con-
tract with Vance & Co. to sell to them their season's cut
of lath. Plaintiffs' testimony was to the effect that
monthly statements of the cut were to be made, and
Vance & Co. were to advance their paper for the amount,
but that these monthly settlements were not to be con-
sidered as final unless the notes were paid. On November
11th or 12th, Vance & Co. made a sale of the lath in ques-
tion to defendant, who afterwards drew them away; and
plaintiffs brought replevin, claiming that the title to the

lath had not passed to Vance & Co., or, at least, that plaintiffs retained a lien for the purchase price,—charging that paper had not been given for the full amount of the last statement, and that the paper which had been given had not been paid at maturity. The circuit judge at first gave a general charge to the jury, submitting the question whether the title to the lath had passed to Vance & Co., making this to depend upon whether the notes were received as payment. After the jury had deliberated for a time, the circuit judge withdrew all questions from them, and directed a verdict for plaintiffs. Defendant brings error, and insists that there was evidence that the notes were received as payment, and also that plaintiffs were estopped from contesting defendant's title, for the reason that, when the sale was being made to defendant by Vance & Co., plaintiffs knew of the negotiations, and did not assert any title to the property.

1. We think that there is some evidence tending to show that the notes were received as payment by plaintiffs, and with the intention to pass title. Whether this testimony was sufficient to overcome the presumption to the contrary, and the testimony of the plaintiffs, was a question for the jury. It appears that statements were rendered from time to time, in which Vance & Co. were charged with the amount of lath cut during the preceding month, and credited by note or three-month paper; and in one instance the statement is indorsed, "Paid by note at three months," and signed by plaintiffs. While these statements are not necessarily conclusive, they have a bearing on the question, and, when construed with the testimony of Mr. Vance, tend to controvert plaintiffs' testimony. The testimony of Vance was in part as follows:

"*Q.* How were the payments to be made for those lath?

"*A.* He was to estimate the lath once a month, and I was to give him my note for it.

"*Q*. And to be paid for by giving paper?
"*A*. Yes, sir.
"*Q*. What time was the paper to be given at?
"*A*. Ninety days.
"*Q*. So that each month he was to send you an estimate of the amount of lath on hand, and you were to give him 90-day paper in payment for the same?
"*A*. Yes, sir."

2. There is testimony tending to show that when Mr. George Ross, acting for the defendant, was, in company with Mr. Vance, going to examine these lath, with a view towards purchasing them, they met one of the plaintiffs, and that Vance stated that he was about to sell the lath to Ross, Bradley & Co., and that afterwards members of the firm were present when the lath were marked with the initials of the defendant, and that no claim of lien or ownership was made by plaintiffs. It is true this testimony was strenuously denied by plaintiffs, and Vance does not corroborate Ross; but the question presented is whether, if the testimony of Ross is credited, there is an estoppel, and we think there is.    Jones, Liens, § 846; *Stoveld* v. *Hughes*, 14 East, 308.

Judgment will be reversed, and a new trial ordered.

The other Justices concurred.